IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAULA DECORIA, Individually and T.D., a Minor, by and through her mother and natural guardian, PAULA DECORIA,<br><br>        Plaintiffs,<br><br>  v.<br><br>COUNTY OF JEFFERSON, a Political Subdivision of the State of Idaho; CITY OF RIGBY, a Political Subdivision of the State of Idaho; STEPPS, INC., an Idaho Corporation; TERRI J. DODGE; OFFICER JOHN DOE 1; AND OFFICER JOHN DOE 2,<br><br>        Defendants. | Case No. CV-06-316-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to reconsider and a motion to amend complaint, both filed by plaintiff Decoria. In an earlier decision, the Court held that Decoria's complaint failed to allege a § 1983 action against Jefferson County. The complaint did, however, allege state law claims against Jefferson County, and the Court did not rule on the County's motion for summary judgment on those claims. The Court finds genuine issues of material fact exist on the state law

**Memorandum Decision and Order – Page 1**

claims against the County, and hence will deny the County's summary judgment on the state law claims. In addition, the Court finds that the motion to amend should be denied. These rulings are explained below.

## ANALYSIS

**1.  Motion To Reconsider**

Plaintiffs assert a state law claim of negligence against Jefferson County. The County argues that the Idaho Tort Claims Act confers immunity on the County and its police officers for any tort claims arising out of injuries caused by a "person under supervision, custody, or care of a governmental entity . . . ." *See Idaho Code § 6-904A*. That same provision, however, requires that the officer not act in a "reckless" manner in order to be entitled to immunity. Decoria has alleged that the County and Officer Titland acted recklessly, and the Court's discussion in its prior decision shows that genuine issues of material fact exist on that allegation.

The County argues, however, that it cannot be liable for the torts of defendant Stepps, Inc., the private corporation that the County appointed to provide juvenile probation services. The County argues that Stepps is an independent contractor and thus its negligence cannot be imputed to the County.

This argument contradicts the County's previous argument under § 6-904A. To be entitled to immunity under that statute, the probationer must be supervised

**Memorandum Decision and Order – Page 2**

by "a governmental entity." The County is now arguing that it was not supervising Correia. If the Court adopts that argument, there would be yet another reason to deny immunity under § 6-904A – because Stepps Inc. rather than the County was supervising Correia.

Ignoring that inconsistency in the County's arguments, the Court disagrees with its substance. While the Idaho Tort Claims act does exempt independent contractors from its terms, it requires that an independent contractor have a contract with the governmental agency. *See Idaho Code § 6-902(4)*. Stepps had no contract with the County. Indeed, the County never even required that Stepps post a bond or carry liability insurance.

More importantly, however, the County had a statutory duty to "enforce probation conditions and supervise juvenile offenders while on probation." *See Idaho Code § 20-533(3)*. The County has no authority to contract away its liability for failing to comply with its statutory duties. *Lundahl v. City of Idaho Falls*, 303 P.2d 667 (1956).

For all these reasons, the Court will deny the motion for summary judgment filed by the County as to the state law claims. This means that the County remains as a defendant, and the Court will accordingly withdraw its prior direction that the County be dismissed as a defendant.

**Memorandum Decision and Order – Page 3**

**2.      Motion to Amend**

Decoria seeks to amend its complaint to allege that the County's failure to train its officers caused the injuries alleged here. This amendment would cure Decoria's failure to plead this crucial element of the § 1983 claim against the County, as discussed in the Court's earlier decision.

The deadline for amendments was February 28, 2007. Decoria's motion to amend was filed on December 4, 2007, almost ten months late, and after the close of discovery. Decoria must show good cause for the late filing. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Decoria had made no showing of good cause, and hence its motion to amend will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (Docket No. 59) be GRANTED.

IT IS FURTHER ORDERED, that the Court's prior Memorandum Decision and Order (Docket No. 56) be AMENDED to withdraw the language in the prior decision dismissing defendant Jefferson County as a party defendant.

IT IS FURTHER ORDERED, that the motion to amend (Docket No. 57) be DENIED.



DATED: **January 10, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 5**